The PEOPLE OF the TERRITORY OF GUAM, Petitioner,

v.

DISTRICT COURT OF GUAM, Respondent.

Robert L. JAMES, Real Party in Interest.

No. 80–7352.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 1980.

Decided April 9, 1981.

Kenneth E. North, Agana, Guam, for petitioner.

Dean Pregerson, Agana, Guam, for respondent.

---

* The Honorable Irving L. Goldberg, Senior United States Circuit Judge for the Fifth Circuit,

Before GOLDBERG,* KILKENNY and BOOCHEVER, Circuit Judges.

KILKENNY, Circuit Judge:

This cause is before us on a petition for a writ of mandamus to direct the respondent to vacate the stay order which halted the proceedings in *Guam v. James*, a criminal proceeding pending in the Superior Court of Guam, and for a writ of prohibition directing the respondent to refrain from issuing interlocutory stay orders of criminal trials in the Superior Court of Guam. Additionally, petitioner requests that the relief extend to all interlocutory "appeals" presently docketed in the District Court of Guam.

## FACTUAL AND PROCEDURAL BACKGROUND

James, the defendant in a criminal action brought by petitioner in the Superior Court of Guam, filed, pursuant to the District Court of Guam's Appellate Rules of Procedure, a notice of appeal after the denial of his motion to suppress evidence. After the filing of the notice of appeal, Judge Duenas of the District Court of Guam, on June 26, 1980, issued an order staying the criminal proceedings in the Superior Court of Guam prior to trial. This petition, which was filed July 10, 1980, followed.

## STATUTORY FRAMEWORK

Congress, pursuant to its Art. IV, § 3 powers, created the District Court of Guam, authorized the Guam Legislature to create additional courts, and described, in broad terms, the relationship between these courts. 48 U.S.C. § 1424(a) provides in relevant part:

"There is created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall

sitting by designation.

be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine."

The Guam Legislature, through the Court Reorganization Act of 1974, created "a Guam Superior Court with 'original jurisdiction in all cases arising under the laws of Guam, civil or criminal, in law or in equity, regardless of the amount in controversy, except for causes arising under the Constitution, treaties, laws of the United States and any matter involving the Guam Territorial Income Tax.'" *Guam v. Olsen*, 431 U.S. 195, 197, 97 S.Ct. 1774, 1776, 52 L.Ed.2d 250 (1977) (footnote omitted).

The District Court of Guam has both a trial and an appellate division. Section 1424(a) provides that the appellate division shall consist of three judges. The appellate jurisdiction of the District Court of Guam is subject to the control of the Guam Legislature.[1]  48 U.S.C. § 1424(a).

Generally, the Guam Criminal Procedure Code permits a criminal defendant to appeal from a final judgment of conviction. Guam Code Crim.Pro. § 130.15. There is no general right to an interlocutory appeal. In fact, petitioner states that "no interlocutory criminal appeal is allowed under Guam law except for a review of bail." The statutory provisions governing *appeals* do not allow a criminal defendant to appeal from the denial of a motion to suppress evidence.[2]

However, a statutory provision in the *motions* portion of the Guam Criminal Procedure Code provides for limited review of orders from suppression motions:

"Prior to trial, a party may apply for review of an adverse ruling made pursuant to subsections (a) through (c) of Section 65.15 by means of a petition for writ of mandate or prohibition unless the court, prior to the time review is sought, has dismissed the criminal action." § 65.-17(a).[3]

---

**1.** In *Olsen*, the Supreme Court stated that § 1424(a) did not authorize the Legislature to divest the appellate jurisdiction of the District Court to hear appeals from local Guam courts and to transfer that jurisdiction to a Supreme Court of Guam (created by the Court Reorganization Act of 1974). While the court found that the use of the word "determine" (the District Court "shall have such appellate jurisdiction as the legislature may *determine*") indicated that the Guam Legislature was empowered to decide what cases were serious enough to be appealable, it noted that "This case does not present, and we intimate no view upon, the question of what categories of cases the Guam Legislature is authorized to determine are non-appealable." 431 U.S. at 201, n.9, 97 S.Ct. at 1778 n.9.

**2.** The rule is comparable in the federal system. The Supreme Court has held that an order from a *pre-indictment* motion to suppress was not immediately appealable and noted that the issue of appealability was even clearer once criminal proceedings had been instituted. *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed. 614 (1962). "To regard such a disjointed ruling on the admissibility of a potential item of evidence in a forthcoming trial as the termination of an independent proceeding, with full panoply of appeal and attendant stay, entails serious disruption to the conduct of a criminal trial." *Id.* at 129, 82 S.Ct. at 659 (footnote omitted).

**3.** Section 65.15 of the Guam Criminal Procedure Code provides, in relevant part:

"Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following shall be raised prior to trial:

(a) Defenses and objections based on defects in the institution of the prosecution;

(b) Defenses and objections based on defects in the indictment, information or complaint (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings);

(c) Motions to suppress evidence; . . ."

The obvious purpose of providing that the avenue for review be only by extraordinary writ was to allow for the correction of "clear abuses in the criminal process before trial." Amicus Brief, Guam Law Revision Commission, *infra*.

The District Court of Guam, however, does not limit its review from orders from suppression motions to extraordinary situations. Apparently, its long-standing position was to allow an appeal as of right from the disposition of a motion to suppress. The District Court has formalized this policy through its promulgation of Rule of Appellate Procedure 1, effective February 1, 1980, which provides that

"Interlocutory criminal appeals brought pursuant to Section 65.17 of the Guam Criminal Procedure Code, Public Law 13–187, are governed by these rules. Review pursuant to Section 65.17 is begun by filing a notice of appeal as governed by Rule 3 (rather than a petition for writ of mandate or prohibition). The time limits for transmitting the record and filing briefs are governed by the applicable rules contained herein."

The District Court's construction of § 65.-17 has, apparently, caused a great deal of problems. The Guam Law Revision Commission has stated that

"Pursuant to its functions, the Commission received reports from prosecutors, judges and attorneys that former Criminal Procedure Code Section 65.17 was not achieving the aims intended of it. Instead of providing review of clear abuses in the criminal process before trial, this Section was being used by defendants as an almost-automatic delay between indictment and trial sometimes of up to one (1) year." Amicus Curiae brief of the Law Revision Commission in *Guam v. Quitugua, infra,* at 3.

In an attempt to alleviate this problem, the Guam Legislature, on January 17, 1980,

repealed § 65.17 and enacted a statute which reads:

"Prior to trial, the prosecuting attorney may apply to the Trial Division of the District Court for a new determination on the issue of suppression of evidence made in a case in the Superior Court pursuant to § 65.15(c) of this Chapter. The application shall be for a writ of mandate. Such application shall not be brought if the Superior Court, prior to the time review is sought, has dismissed the action." Public Law 15–94, Section 2.

On June 18, 1980, the appellate division of the District Court of Guam, in *Guam v. Quitugua,* D.C. Criminal Appeal Nos.79–00069A, 79–00075A (District Court of Guam, Appellate Division, June 18, 1980) (memorandum order), invalidated the new version of § 65.17 and reinstated the old § 65.17.

In the instant case, the district judge accepted jurisdiction of James' "appeal" from the denial of his motion to suppress and entered a stay of the proceedings in the Superior Court of Guam. The basis upon which the District Court accepted appellate jurisdiction was the old version of § 65.17.

The old version of § 65.17 was used by the District Court for the remainder of 1980. That Court's Rule of Appellate Procedure 1, the facts of the instant case, and the subsequent practice of the District Court,[4] make it clear that the District Court considers that section to authorize *appeals* as a matter of right from the disposition of suppression motions.

On December 31, 1980, the Guam Legislature, expressing its dissatisfaction with the existing state of affairs, repealed old § 65.-17, repealed the version of § 65.17 invalidated in *Quitugua* (Public Law 15–94, Section 2), and added a subsection to the appeals portion of the Guam Criminal Procedure Code which allows the government to ap-

---

4. Since the District Court's action in *Quitugua,* that court has issued at least six stay orders from interlocutory "appeals." The District Court, in two of these cases, explicitly relied on old § 65.17 in accepting jurisdiction and issuing the stay order.

peal from a pretrial order granting a motion to suppress evidence.[5]

Petitioner argues that this statutory modification has had no effect on the need for relief. In fact, petitioner asserts that "The fact that the Legislature has withdrawn the District Court's authority to provide interlocutory relief [§ 65.17] makes these improvidently-granted stay orders even more inappropriate, since the District Court is no longer empowered to grant the requested relief."

## MANDAMUS

■ 28 U.S.C. § 1651(a) allows a court of appeals to "issue all writs necessary or appropriate in aid of . . . [its] jurisdiction [ ] and agreeable to the usages and principles of law." The writs of mandamus and prohibition are drastic remedies, to be used only in extraordinary situations. *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). They have traditionally been used as "an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction, or of compelling it to exercise its authority when it is its duty to do so." *Ex parte Peru*, 318 U.S. 578, 583, 63 S.Ct. 793, 796, 87 L.Ed. 1014 (1943). For example, in *Ex parte New York, No. 1*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1921), the Court issued an extraordinary writ to prevent the district court from entertaining an action that was barred by the Eleventh Amendment. The Court, emphasizing the lack of authority in the district court, asserted that it was unnecessary for the jurisdictional objection to be made after entry of final judgment. "[T]he fact that the objection to the jurisdiction of the court

below might be raised by an appeal from the final decree is not in all cases a valid objection to the issuance of a prohibition at the outset." *Id.* at 497, 41 S.Ct. at 589.

There are several reasons why courts are reluctant to resort to the use of an extraordinary writ. "Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation." *Allied Chemical Corp. v. Daiflon, Inc.*, —— U.S. ——, ——, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). The Court has said that "In order to insure that the writ will issue only in extraordinary circumstances, this court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *Kerr v. United States District Court*, supra, [426 U.S. 394, at 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725]; *Roche v. Evaporated Milk Assn.*, supra, [319 U.S. 21,] at 26, [63 S.Ct. 938, 941, 87 L.Ed. 1185,] and that he satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable."' *Bankers Life & Cas. Co. v. Holland*, supra, [346 U.S. 379,] at 384, [74 S.Ct. 142, 149, 98 L.Ed. 106,] quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899)." *Id.*

■ Petitioner's right to relief in the instant case is clear and indisputable. The District Court, if it ever did have appellate jurisdiction over the interlocutory "appeal" brought by James in the instant case, no longer has such jurisdiction. And the Supreme Court has stated that "This rule—that, when a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law—

---

5. This action was effected by several riders to an appropriations bill (Bill 535). The relevant portions of the bill are as follows:

"Section 11. Section 65.17 of the Criminal Procedure Code is repealed.

"Section 12. Section 2 of Public Law 15–94 is repealed.

"Section 13. Subsection (6) is added to Section 130.20(a) of the Criminal Procedure Code to read:

'Subsection (6). An order granting a motion to suppress evidence. This appeal may

be taken prior to trial if the appeal is timely filed pursuant to Section 130.40 of the Criminal Procedure Code and before the trial has commenced. Upon the timely filing of an appeal pursuant to this subsection, the Superior Court shall stay all proceedings until the appellate court has acted pursuant to Section 130.60 of the Criminal Procedure Code.'"

This legislative action was not accompanied by any legislative history.

has been adhered to consistently by this Court." *Bruner v. United States*, 343 U.S. 112, 116–7, 72 S.Ct. 581, 584, 96 L.Ed. 786 (1952) (footnote omitted). Petitioner is, therefore, entitled to have the stay order vacated. There is no other adequate means to attain the relief requested. It is the delay from the issuance of the stay orders and the attendant hazards to the effective functioning of the Guamanian criminal justice system which is fundamentally at issue. The need for immediate relief is, therefore, more compelling. There is no guarantee that petitioner would be able to raise this issue by a later appeal.[6] And even if petitioner would be able to do so, mandamus would still be appropriate to confine the District Court to the lawful exercise of its jurisdiction. *See Ex parte New York, No. 1*, 256 U.S. 490, 503, 41 S.Ct. 588, 591, 65 L.Ed. 1057 (1921).

## CONCLUSION

The stay of the proceedings in *Guam v. James* is vacated. In addition, respondent is directed to discontinue the practice of allowing interlocutory appeals as a matter of right. The Guam Legislature has the power to determine the appellate jurisdiction of the District Court of Guam. Therefore, review from decisions of § 65.15(a)–(c) motions should only be by the method prescribed by the Guam Legislature. In light of the many stays granted by the District Court since its decision in *Quitugua*, we find it necessary to declare this opinion and order retroactive to apply to any and all cases involving similar facts and circumstances. This opinion and directive shall stand in lieu of the issuance of formal writs of mandamus and prohibition.

IT IS SO ORDERED.

---

**6.** We have said that the availability of a writ makes it unnecessary to determine whether an immediate appeal is available. *United States v. United States District Court, Central District of California*, 509 F.2d 1352, 1354 (CA9, 1975), *cert. denied sub nom. Rosselli v. United States*, 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448. We believe that, at least in this instance, this is a salutary rule. There are clearly no finality considerations militating against our conclu-

sion that petitioner is entitled to relief, and, in fact, granting the relief requested serves to promote the very policies embodied by the normal rule against piecemeal appellate adjudication. There are no timeliness problems raised by our consideration of the petition, and, in addition, because of the nature of the question here presented there is no significant difference in the scope of our review.