Rosalia Mafnas BORJA; Jose M. Borja; Juan M. Borja; Luna M. Borja, Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN MARIANA ISLANDS, Respondent,

and

Diana C. Ferreira, Real Party in Interest.

No. 90–70400.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 23, 1990.

Decided Nov. 6, 1990.

Theodore R. Mitchell, Saipan, Commonwealth of the Northern Mariana Islands, for petitioners.

Donald C. Williams, Traylor T. Mercer, Carlsmith, Ball, Wichman, Murray, Case, Mukai & Ichiki, Agana, Guam, for defendants.

Before WALLACE, THOMPSON and FERNANDEZ, Circuit Judges.

Petitioners, the Borjas, seek by way of mandamus an order from this court directing the Appellate Division of the United States District Court for the Northern Mariana Islands to vacate the judgment en-

---

tered April 30, 1990 and to recall and vacate the mandate issued on June 6, 1990.

Petitioners were defendants in an action to quiet title filed in October 1986 by real party in interest Ferreira, in the trial court for the Commonwealth of the Northern Mariana Islands (Commonwealth). On September 13, 1988, the trial court ruled in favor of the Borjas. Ferreira appealed to the appellate division of the United States District Court for the Commonwealth (appellate division) on October 21, 1988. On May 2, 1989, the Commonwealth Judicial Reorganization Act (P.L. 6–25) (the Act) went into effect. On April 30, 1990, the appellate division entered its judgment. On May 31, 1990, Ferreira filed a notice of appeal in the Commonwealth Supreme Court. This appeal was taken pursuant to the Commonwealth Supreme Court's March 14, 1990, order giving each litigant with an appeal pending before the appellate division the opportunity to transfer his or her appeal to the Commonwealth Supreme Court. Order of Commonwealth Supreme Court, *In re Pending Appeals as of May 2, 1989 in the Appellate Division of the District Court,* (March 14, 1990).

■ The appellate division lost all jurisdiction over this case as of May 2, 1989, because its final mandate had not yet issued. *See Commonwealth of Northern Mariana Islands v. Kawano,* 917 F.2d 379 at 380–381 (9th Cir.1990); *see also Wabol v. Villacrusis,* 898 F.2d 1381 (9th Cir.1990), amended at 1387 & n. 11 (9th Cir.1990). Hence, the appellate division was without jurisdiction to enter its April 30, 1990 order. There is no reason not to apply *Kawano* to civil actions. There is no manifest injustice here because when the appellate division lost jurisdiction, the Commonwealth Supreme Court gained it. *Cf. Gioda v. Saipan Stevedoring Co., Inc.,* 855 F.2d 625 (9th Cir.1988).

■ Writs of mandamus are drastic remedies, to be used only in extraordinary situations. *People of the Territory of Guam v. District Court of Guam,* 641 F.2d 816, 820 (9th Cir.1981) (citation omit-

ted). However, mandamus has been used as "an expeditious and effective means of confining the inferior court to a lawful exercise of its prescribed jurisdiction." *Id.* A review of this case indicates that the factors we discussed in *Bauman v. United States District Court,* 557 F.2d 650 (9th Cir.1977) as warranting extraordinary relief have been satisfied. Here, where the Act expressly withdrew the appellate division's jurisdiction over all appeals for which its final mandate had not issued as of May 2, 1989, mandamus is appropriate to confine the district court to the lawful exercise of its jurisdiction. *See People of the Territory of Guam,* 641 F.2d at 820–21. Indeed, it is especially appropriate here where a prompt decision will quickly settle a jurisdictional dispute between two courts.

Accordingly, the petition for a writ of mandamus is GRANTED.