954 F.2d 728
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry D. ZEGZULA, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35134.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 10, 1992.
 
 Before WALLACE, Chief Judge, SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry D. Zegzula appeals pro se the district court's dismissal of his petition for a writ of prohibition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Analysis
 
 
 4
 Zegzula failed to file income tax returns for tax years 1977 through 1981, and tax years 1983 through 1987. The IRS notified Zegzula that he had been under investigation for willful attempt to evade payment of taxes and willful failure to file and that his case was being recommended for criminal prosecution.
 
 
 5
 Zegzula sought a writ of prohibition against the United States and the Internal Revenue Service ("IRS") to stop the IRS's criminal investigation and recommendation for criminal prosecution. In his petition for a writ of prohibition, Zegzula argued that the "administrative proceeding of examinations without a taxpayers return" are statutorily unauthorized.
 
 
 6
 28 U.S.C. § 1651(a) provides the courts with the authority to " 'issue all writs necessary or appropriate in aid of [its] jurisdiction [ ] and agreeable to the usages and principles of law.' " Territory of Guam v. District Court of Guam, 641 F.2d 816, 820 (9th Cir.1981) (quoting 28 U.S.C. § 1651(a)). Writs of mandamus and prohibition are drastic remedies only to be used in extraordinary circumstances. See Guam, 641 F.2d at 820. Traditionally, the writs have been used to confine an inferior court to the lawful exercise of its jurisdiction, or to compel it to exercise its authority when it has the duty to do so. See id. The party seeking the writ has the burden of showing that its right to issuance of the writ is clear and undisputable. See id.
 
 
 7
 Here, Zegzula neither seeks to confine a lower court to its jurisdiction, or to compel it to exercise its jurisdiction where it has a duty to do so. Cf. Guam, 641 F.2d at 820. Further, no extraordinary circumstances exist in this action, and Zegzula has failed to show that he has a clear and undisputable right to issuance of a writ of prohibition. See Guam, 641 F.2d at 820. Instead, Zegzula argues that the IRS's criminal investigation was not statutorily authorized. This argument lacks merit.
 
 
 8
 Sections 7601 and 7602(b) of the code provide the IRS with the statutory authority to conduct criminal investigations. See 26 U.S.C. §§ 7601 (authorizing the IRS to inquire and investigate all persons who are liable to pay any internal revenue tax), 7602(b) (authorizing the IRS to inquire into any offense connected with the administration and enforcement of the internal revenue laws). Moreover, sections 7201 and 7203 authorize criminal penalties for tax evasion and willful failure to file. See 26 U.S.C. §§ 7201, 7203.
 
 
 9
 Furthermore, Zegzula's contention that the IRS exceeded its jurisdiction by subjecting him to an investigation without access to a return is without merit. It is obvious that no tax return must be filed by a taxpayer as a prerequisite to an investigation for willful failure to file, and there is no statutory basis for Zegzula's argument that a tax return, filed by the taxpayer, is a necessary prerequisite for an investigation for tax evasion. See 26 U.S.C. 7201. Accordingly, the district court properly denied Zegzula's petition for a writ of prohibition. See id.
 
 II
 Rule 11 Sanctions
 
 10
 In the government's motion to dismiss, it requested Rule 11 sanctions against Zegzula for bringing a frivolous action for the purpose of evading legitimate law enforcement efforts. The district court granted the government's request for sanctions in the amount of $1,000.
 
 
 11
 We review the district court's imposition of Rule 11 sanctions for an abuse of discretion. See Grantham Bros. v. Valley Nat'l Bank of Ariz. (In re Grantham Bros.), 922 F.2d 1438, 1441 (9th Cir.1991); Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1366 (9th Cir.1990). Rule 11 sanctions are warranted if the charges in a complaint are not "well grounded in fact" or are not "warranted by existing law or a good faith argument for the extension, modification, of reversal of existing law." Fed.R.Civ.P. 11.
 
 
 12
 Pro se litigants are held to an objective standard of reasonableness under Rule 11. Business Guides v. Chromatic Communications, Enter., 892 F.2d 802, 811 (9th Cir.1989), aff'd. 11 S.Ct. 922 (1991). In exercising discretion to impose sanctions, the district court should consider that "what is objectively reasonable for a pro se litigant and for an attorney may not be the same," and that the pro se status of a litigant is relevant to the choice of an appropriate sanction. Id.
 
 
 13
 Zegzula's request for a writ of prohibition against the United States and the IRS is groundless. Moreover, the underlying premise of Zegzula's request for a writ of prohibition against the IRS is Zegzula's assertion that the income from his dental practice was not subject to taxation. This is simply a variation of the argument that wages are not income which we have repeatedly rejected as frivolous. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988). Given these circumstances, the district court did not abuse its discretion in granting the government's request for Rule 11 sanctions. See In re Grantham, 922 F.2d at 1441.
 
 III
 Sanctions on Appeal
 
 14
 The government has requested sanctions against Zegzula for bringing a frivolous appeal. We have discretion to impose attorneys fees and single or double costs as sanctions for bringing frivolous appeals. See Fed.R.App.P. 38; 28 U.S.C. § 1912. We may award a monetary sanction to cover costs and attorneys fees against pro se litigants who raise frivolous arguments. See Cook v. Spillman, 806 F.2d 948, 949 (9th Cir.1986) (citing Coleman v. Commissioner, 791 F.2d 948, 949 (9th Cir.1986)). "An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit." Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987). Zegzula's arguments in support of his contention that the district court erred in denying his petition for a writ of prohibition against the IRS are wholly without merit. Accordingly, we grant the government's request for sanctions in the amount of $1,500.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3