103 F.3d 140
 1997-1 Trade Cases P 71,715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Horst SCHMIDT, Plaintiff-Appellant,
v.
BANK OF AMERICA-NEVADA, an Interstate Banking Corporation
doing business in Nevada; Does I-X; and Roe
Corporations I-X, Defendant-Appellee.
 No. 95-17082.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Dec. 10, 1996.
 
 Before: FLETCHER, NOONAN, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Horst Schmidt appeals pro se the dismissal of his action under the Sherman Act, 15 U.S.C. § 1; Bank Holding Company Act, 12 U.S.C. § 1972(1)(e); and RICO, 18 U.S.C. § 1962, against the Bank of America-Nevada ("Bank"), which refused to lend Schmidt money after the Bank learned that Schmidt planned to file for bankruptcy.[1]
 
 A. Jurisdiction
 
 3
 We have an obligation to sua sponte consider whether we have jurisdiction over the appeal, although neither party raises a jurisdictional issue. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Reynaga v. Cammisa, 971 F.2d 414, 417 (9th Cir.1992).
 
 
 4
 Schmidt's August 3, 1995 Rule 59(e) motion did not toll the time for appeal because it was untimely. See Fed.R.Civ.P. 59(b), 6(a).[2] Hence, Schmidt's September 29, 1995 notice of appeal is untimely as to the district court's July 18, 1995 order dismissing his action pursuant to Fed.R.Civ.P. 12(b)(6). See Fed.R.App.P. 4(a)(1). Accordingly, this court only has jurisdiction over the appeal from the district court's September 6, 1995 order denying Schmidt's Rule 59(e) motion. See 28 U.S.C. § 1291.[3]
 
 
 5
 Because the Rule 59(e) motion was untimely, we may hear this appeal only by construing Schmidt's motion as based on Fed.R.Civ.P. 60(b). See Mt. Graham Red Squirrel, 954 F.2d at 1463 n. 35; Straw v. Bowen, 866 F.2d 1167, 1171-72 (9th Cir.1989).
 
 B. Merits of August 3, 1995 motion
 
 6
 We review for abuse of discretion a district court's ruling on a Rule 60(b) motion. See Export Group v. Reef Indus., 54 F.3d 1466, 1469 (9th Cir.1995). "A district court abuses its discretion if it does not apply the correct law ..." Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (citation omitted).
 
 
 7
 Given the allegations in Schmidt's motion we can construe his August 3, 1995 motion as seeking relief under Fed.R.Civ.P. 60(b)(1). See Straw, 866 F.2d at 1171-72. Pursuant to Rule 60(b)(1) a district court has the authority to vacate a judgment based on "mistake, inadvertence, surprise, or excusable neglect." A movant under Rule 60(b)(1) "must show that the district court committed a specific error." Straw, 866 F.2d at 1172 (citation omitted). "[E]rrors of law may be corrected under Rule 60(b) motions." Liberty Mutual Ins. Co. v. Equal Employment Opportunity Comm'n, 691 F.2d 438, 441 n. 5 (9th Cir.1982).
 
 
 8
 In his motion Schmidt contended that the district court should have allowed him to amend his complaint before dismissing his action. Schmidt specifically alleged that his lack of legal expertise as a pro se plaintiff prevented him from correctly pleading the facts in his case in conformance with the applicable law.
 
 
 9
 "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1986) (citation omitted).
 
 
 10
 Because the deficiencies of Schmidt's claims under the Sherman Act, the Bank Holding Act and RICO cannot be cured by amendment, the district court did not abuse its discretion by denying reconsideration of the July 18, 1995 order dismissing those claims. See Noll, 809 F.2d at 1448. Accordingly, we affirm the district court's September 6, 1995 order denying reconsideration of its July 18, 1995 order dismissing the action.
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Schmidt does not appeal the dismissal of his claim under the Clayton Act, 15 U.S.C. § 1
 
 
 [2]
 Furthermore, Schmidt's appeal will not be considered timely under the unique circumstances doctrine because the district court did not affirmatively assure Schmidt that his appeal would be timely when the court denied the motion. See Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462-63 (9th Cir.1992)
 
 
 [3]
 We have appellate jurisdiction despite the district court's failure to enter a separate judgment for the order denying Schmidt's Rule 59(e) motion, especially in light of the Bank's failure to object to appellate jurisdiction. See Allah v. Sup. Ct. of the State of Cal., 871 F.2d 887, 890 n. 1 (9th Cir.1989)
 
 
 [4]
 The Bank's April 5, 1996 motion to strike Schmidt's addendum and exhibits attached to his reply brief because they were not presented to the district court is granted. See United States v. Elias, 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the district court are not part of the record on appeal.") (citing Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988)). Schmidt's April 30, 1996 motion to file a late opposition to the Bank's motion is granted and Schmidt's opposition to appellee's motion to strike received on April 30, 1996 is ordered filed