981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bank TEJARAT, Plaintiff-Appellee,
v.
Abdol Hossein VARSHO-SAZ, Defendant,
and
Hossein KAMRANI, Defendant-Appellant.
 No. 91-56387.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 3, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hossein Kamrani appeals pro se the magistrate judge's order denying his claim of exemption and permitting Bank of Tejarat (Bank) to execute on Kamrani's bank account to enforce a $4,467,700 stipulated judgment against Kamrani in favor of Bank. We dismiss this appeal for lack of appellate jurisdiction.
 
 
 3
 Bank brought this action against Kamrani, the former assistant manager of Bank's London branch, his wife, Mahvash Kamrani, and other defendants alleging RICO violations and wire fraud. Pursuant to a settlement agreement, the district court entered judgment against the Kamranis for $2.6 million plus costs and interest for a total of $4,467,700.00. A writ of execution was issued, and Bank began levying on the Kamranis' bank accounts. The Kamranis then apparently filed a claim of exemption.[1] Bank opposed the claim, and the magistrate judge issued an order denying the claim. Kamrani appeals from the magistrate judge's order denying the claim.[2]
 
 
 4
 We raise sua sponte the issue of our jurisdiction over this appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989). The power of federal magistrate judges is limited pursuant to 28 U.S.C. § 636. Magistrate judges are authorized to hear and determine pretrial matters and to conduct hearings, including evidentiary hearings, and submit proposed findings and recommendations to the district court judge for disposition. 28 U.S.C. § 636(b)(1). Further, upon special designation by the district court and with the consent of the parties, a magistrate judge may conduct any and all proceedings in a trial, including entry of final judgment. 28 U.S.C. § 636(c). In the absence of the parties' consent, a magistrate is not authorized to enter final, appealable orders disposing of the merits of a claim. See Fed.R.Civ.P. 72; Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992); Columbia Record Prods. v. Hot Wax Records, 966 F.2d 515, 516-17 (9th Cir.1992); Alaniz v. California Processors, Inc., 690 F.2d 717, 720 (9th Cir.1982) (clear and unambiguous expression of consent of parties is required to vest magistrate with authority to enter dispositive orders). Thus, several courts have concluded that magistrate judges lack authority to enter postjudgment orders absent consent of the parties and designation by the district court pursuant to 28 U.S.C. § 636(c). Bennett v. General Caster Serv. of N. Gordon Co., No. 91-2225, slip op. at 5-6 (6th Cir. Sept. 23, 1992) (magistrate judge lacked jurisdiction to enter postjudgment order imposing monetary sanctions); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir.1989) (magistrate judge not authorized to enter final, appealable postjudgment order); King v. Ionization Int'l, Inc., 825 F.2d 1180, 1185-86 (7th Cir.1987) (magistrate had authority to enter postjudgment order where district court judge had so designated and parties had consented).
 
 
 5
 Here, the action was tried before and judgment was entered by the district court judge. The record contains no indication that the district court designated the magistrate to enter postjudgment orders or that the parties ever consented to such an exercise of jurisdiction. See 28 U.S.C. § 636(c). Nevertheless, the magistrate judge entered the order denying Kamrani's claim of exemption. The district court never reviewed or ruled on this order, and Kamrani appealed directly to this court. Given these circumstances, we conclude that the magistrate judge lacked authority to enter a final, appealable order denying the claim. See 28 U.S.C. § 636; Reynaga, 971 F.2d at 416. Accordingly, we lack jurisdiction over this appeal. Kamrani should be given an opportunity before the district court to make timely objection to the magistrate's decision.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Kamrani's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The claim of exemption is not in the district court record, and there is no entry for it on the district court docket sheet. The Kamranis' later pleadings in support of their claim are also missing from the record and the docket sheet. Bank has included copies of these documents in its excerpts of record, and asserts that the magistrate judge received these papers and reviewed them in ruling on the claim
 
 
 [2]
 Although both Hossein and Mahvash Kamrani filed the claim of exemption, Hossein Kamrani is the only party to this appeal