993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas L. HADSELL, Plaintiff-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE; Ronny Lee; State
of Oregon; Port of Newport; Lai Fong Lee; et
al., Defendants-Appellees.
 No. 92-36782.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 24, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas L. Hadsell appeals pro se the district court's order of September 28, 1992 (1) granting the Immigration and Naturalization Service's ("INS") motion to dismiss; (2) denying the State of Oregon's motion to dismiss and staying all claims against the State pending exhaustion of state remedies; and (3) denying the remaining defendants' motions to dismiss and granting Hadsell leave to file an amended complaint.[1] Hadsell also appeals the magistrate judge's order of September 3, 1992 denying two of Hadsell's ex parte motions and responding to Hadsell's motion to amend his complaint.[2] We dismiss this appeal for lack of jurisdiction.
 
 
 3
 In actions involving more than one defendant, an order dismissing some but not all the defendants is not a final, appealable order. McGuckin v. Smith, 974 F.2d 1050, 1053 n. 1 (9th Cir.1992); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984) (per curiam). Here, the district court's order is not final and appealable because it dismissed the INS from the action but denied the remaining defendants' motions to dismiss. See McGuckin, 974 F.2d at 1053 n. 1. The district court did not direct the entry of final judgment as to any party or claim pursuant to Fed.R.Civ.P. 54(b). See Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir.1981). Nor did the court certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Accordingly, we lack jurisdiction to review the district court's order. See 28 U.S.C. §§ 1291, 1292.
 
 
 4
 Moreover, because there is no indication that the parties authorized the magistrate judge to enter a final, appealable order, we lack jurisdiction to review the magistrate judge's order as well. See Fed.R.Civ.P. 72; Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court's order does not explicitly grant Hadsell leave to file an amended complaint, the court adopted in full the magistrate judge's August 20, 1992 report which recommended that Hadsell be allowed to amend
 
 
 [2]
 Hadsell had filed objections to the magistrate judge's August 20, 1992 findings and recommendation. See supra n. 1. The magistrate judge construed Hadsell's objections as a motion to amend the complaint and recommended that Hadsell be allowed to amend pursuant to the terms of the magistrate judge's August 20 report