61 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David M. FINK, Plaintiff-Appellant,
v.
Eddie YLST, Warden, Defendant-Appellee.
 No. 94-56730.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-00590-JSL; J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 Transferred.
 Before: FLETCHER, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David M. Fink, a California state prisoner, appeals pro se the magistrate judge's order denying his motion for reasonable law library access. In his underlying 42 U.S.C. Sec. 1983 action, Fink alleges that his civil rights were violated following an incident in which a correctional officer was injured. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 The power of federal magistrate judges is limited by 28 U.S.C. Sec. 636. A district judge may authorize a magistrate judge to decide nondispositive pretrial matters and to prepare findings and recommendations on dispositive matters. See 28 U.S.C. Sec. 636(b)(1); Estate of Conners v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). However, a magistrate judge lacks the authority to issue a dispositive order, including an order denying injunctive relief, unless the parties consent to a decision by a magistrate judge. See 28 U.S.C. Sec. 636(c)(1); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992).
 
 
 4
 Here, the parties did not consent to the magistrate judge's exercise of plenary authority. The magistrate judge therefore lacked the authority to decide Fink's motion for an injunction requiring prison officials to afford him increased library access. See Reynaga, 971 F.2d at 416. Because the magistrate judge did not have the authority to enter a final order, Fink's notice of appeal from that order "was a nullity and did not divest the district court of jurisdiction." See Estate of Conners, 6 F.3d at 659. In the interest of justice, we transfer this appeal to the district court for further action.
 
 
 5
 TRANSFERRED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3