98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo MASTERS, Plaintiff-Appellant,
v.
CITY OF BELLFLOWER; Michael J. Eagan; Steven King, John &
Jane Does 1 through 10, Defendants-Appellees.
 No. 95-55921.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leo Masters appeals pro se the district court's summary judgment for the defendants in his 42 U.S.C. § 1983 civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Masters contends that defendant King's action in enforcing the City of Bellflower animal control ordinance violated his constitutional rights because that ordinance is inconsistent with the general laws of the State of California. This contention lacks merit.
 
 
 4
 In order to recover damages for an allegedly unlawful conviction, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). If a judgment in favor of plaintiff on his civil rights damages claims will necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id.
 
 
 5
 Here, Masters challenges the validity of the Bellflower animal control statute that he was convicted of violating. A judgment in Masters's favor would necessarily imply that the Bellflower statute, and therefore, Masters's conviction are invalid. That conviction, however, has not been invalidated or reversed on direct appeal. Accordingly, the district court did not err by holding that Masters's section 1983 claim against the City of Bellflower for damages was barred. See Id.
 
 
 6
 As to Masters's prayer for injunctive and declaratory relief, he has not demonstrated an actual "case or controversy" invoking federal court jurisdiction. See O'Shea v. Littleton, 414 U.S. 488, 496 (1974). Simply because Masters anticipates violating a criminal statute and being fined for that offense, does not render the threat to him "sufficiently real and immediate" to show an existing case or controversy. Id.
 
 
 7
 Masters also contends that defendant King violated the Fourth Amendment by walking onto his property and issuing a notice to appear. Masters, however, did not present any evidence that he was actually subjected to a search, seizure, or arrest. Merely walking up to a person's front steps and knocking on the door does not implicate the Fourth Amendment. See Davis v. U.S., 327 F.2d 301, 303 (9th Cir.1974)[1].
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Masters contention that the district court abused its discretion by referring his summary judgment motion to a magistrate judge for a report and recommendation is also without merit. See 28 U.S.C. § 636(b); See also, Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir.1992)