**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JOSEPH D. PECHELES,
Appellant,

JOE PECHELES VOLKSWAGON,
INCORPORATED, a North Carolina

No. 97-2428

Corporation; BRIAN L. PECHELES,
Plaintiffs-Appellees,

v.

ELMA PECHELES,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Wallace Wade Dixon, Magistrate Judge.
(CA-96-138-4-H2)

Submitted: May 12, 1998

Decided: June 15, 1998

Before MURNAGHAN and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph D. Pecheles, Appellant Pro Se. Donalt J. Eglinton, WARD &
SMITH, P.A., New Bern, North Carolina; Shelli Stoker Stillerman,
WARD & SMITH, P.A., Greenville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Joseph D. Pecheles appeals from the magistrate judge's order awarding attorneys' fees to plaintiffs following a remand to state court pursuant to 28 U.S.C. § 1447(c) (1994). Because we find that the magistrate judge did not have authority to enter a final, appealable order on this matter, we dismiss the appeal without prejudice for lack of jurisdiction.

This case involves an intra-family dispute over the ownership of stock in a family-run automobile dealership. Appellant, acting under power of attorney, filed a motion on behalf of his mother, defendant Elma Pecheles, to remove the case to federal court based on diversity. The magistrate judge concluded that there was no basis for diversity jurisdiction and remanded the case to state court.* Plaintiffs subsequently filed a motion for award of attorneys' fees based on the improper removal to federal court. Following service of the motion by direction of the magistrate judge upon appellant (presumably as the responsible party), the magistrate judge granted the motion and awarded attorneys' fees in the sum of $4,000 that he directed be paid by appellant. The clerk entered a final judgment in that amount on the same day. This appeal followed.

Pursuant to 28 U.S.C. § 636(c) (1993), a magistrate judge may enter a final order directly appealable to the court of appeals upon consent of all parties. Otherwise, under § 636(b), a district court must initially review the magistrate judge's order or proposed findings under either a de novo or clearly erroneous standard of review depending upon the nature of the ruling(s) appealed. Absent an express adoption, modification, or rejection of the magistrate judge's ruling by the district court, the ruling is generally not reviewable by

_____

*Appellant does not appeal this decision.

2

the court of appeals. See Reynaga v. Cammisa, 971 F.2d 414, 416-17 (9th Cir. 1992).

In this case, we find nothing in the record showing that the parties agreed to have the issue of attorneys' fees decided by the magistrate judge. As a result, the magistrate judge lacked the authority to enter a final order on this motion. See Gleason v. Secretary of Health & Human Servs., 777 F.2d 1324, 1324-25 (8th Cir. 1985).

Accordingly, we dismiss this appeal without prejudice for lack of jurisdiction. We dispense with oral argument because the facts are adequately presented in the material before the court and argument would not aid the decisional process.

DISMISSED

3