UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HENRY BATISTE,

*Petitioner-Appellant,*

v.

WILLIAM D. CATOE; CHARLES CONDON, Attorney General of the State of South Carolina,

*Respondents-Appellees.*

No. 01-6892

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William M. Catoe, Jr., Magistrate Judge.
(CA-99-2544-6-12AK)

Submitted: October 10, 2001

Decided: October 30, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

Henry Batiste, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Henry Batiste filed a 28 U.S.C.A. § 2254 (West Supp. 2001) petition attacking his South Carolina conviction for criminal sexual conduct with a minor. The case was referred to a magistrate judge. Batiste then filed a motion for bond pending a decision on his petition. The magistrate judge denied the motion in a margin order. Batiste filed a notice of appeal.

A district court may refer nondispositive, pretrial matters to a magistrate judge for decision. 28 U.S.C. § 636(b) (1994). The district court may reconsider these matters after the magistrate judge's decision if a party shows that the magistrate's order is clearly erroneous. 28 U.S.C. § 636(b)(1)(a). With regard to dispositive matters, the district court may refer such motions to the magistrate judge for a report and recommendation. Upon a party's objection, the district court reviews the magistrate judge's decision de novo and issues a final order. *Id.* In addition, a magistrate judge may issue a final order in a dispositive matter if the parties expressly consent. 28 U.S.C. § 636(c).

In the present case, there is nothing in the record indicating that the parties agreed to have the issue of bail decided by a magistrate judge. Because it does not "resolve the substantive claims for relief alleged in the pleadings," we find that a motion for bail pending habeas review is a nondispositive order. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 734 F.Supp. 1071, 1080 (S.D.N.Y. 1990); *see also Maisonville v. F2 Am.*, 902 F.2d 746, 747-48 (9th Cir. 1990) (holding that "dispositive" motions are limited to the listing contained in § 636(b)(1)(A)). Thus, Batiste was required to seek appellate review first from the district court. Therefore, Batiste's notice of appeal, which did not mention this court, should have been construed as an appeal to the district court.

Because we lack jurisdiction to directly review an order of the magistrate judge, absent consent, *see Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992), we dismiss the appeal without prejudice. We dispense with oral argument, because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*