**Medardo MORALES, Plaintiff–Appellant,**

v.

**Jack B. CHESKATRY; et al., Defendants–Appellees.**

No. 01–15465.

D.C. No. CV–99–00912–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Debtor Medardo Morales appeals pro se from the district court's order affirming the bankruptcy court's order dismissing his adversary proceedings against the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

United States Internal Revenue Service. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review the bankruptcy court's decision independently. *Allred v. Kennerley (In re Kennerley),* 995 F.2d 145, 146 (9th Cir.1993). We review de novo dismissals based on res judicata, *Siegel v. Federal Home Loan Mortgage Corp.,* 143 F.3d 525, 528 (9th Cir.1998), and we affirm.

Morales' adversary complaints were properly dismissed based on res judicata. *See id.* at 529–30. Contrary to Morales' contention, he could have raised the arguments contained in his adversary complaints at the time of his objection to the proofs of claim. *See id.; Trust Corp. of Mont. v. Patterson (In re Copper King Inn, Inc.),* 918 F.2d 1404, 1406–07 (9th Cir.1990).

Morales' remaining contentions have been considered and rejected.

AFFIRMED.

**Reginald P. BURGESS, Plaintiff–Appellant,**

v.

**CITY OF VALLEJO; et al., Defendants–Appellees.**

No. 01–15763.

D.C. No. CV–00–00967–DFL.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Reginald P. Burgess appeals pro se the district court's order dismissing his action for failure to comply with a court order to file an amended complaint satisfying the pleading requirements of Fed.R.Civ.P. 8. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion and we affirm. *See Nevijel v. No. Coast Life Ins. Co.,* 651 F.2d 671, 673–74 (9th Cir.1981) (holding that a district court may dismiss an action for a pro se party's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored).

Because the magistrate judge issued findings and recommendations to the district court judge for the district court's de novo review under 28 U.S.C. § 636(b)(1)(B), the magistrate judge was entitled to hear a claim for injunctive relief and consent by the parties was not required. *See* 28 U.S.C. § 636(b); *Reynaga*

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*v. Cammisa,* 971 F.2d 414, 416–17 (9th Cir.1992).

AFFIRMED.

**O'Dean Mitchell GRANT, Plaintiff—Appellant,**

v.

**BAKERSFIELD POLICE DEPARTMENT; et al., Defendants—Appellees.**

**No. 01–15912.**

**D.C. No. CV–00–05809–REC.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2002 *.

Decided Jan. 24, 2002.

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument and denies Grant's requests for oral argument and for permission to appear by telephone. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.