**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRENNAN WHEELER,

      Plaintiff-Appellant,

  v.

AMERICAN HERITAGE BANK;
BOB SELLERS,

      Defendants-Appellees.

No. 04-2251
(D.C. No. CIV-04-271 WJ-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH, McKAY**, and **BALDOCK**, Circuit Judges.

Brennan Wheeler, acting through her counsel, attorney Mike Bello, filed a

complaint against the above-named defendants in the United States District Court

for the District of New Mexico, alleging that defendants had violated certain

federal and state consumer protection acts in connection with the sale of a motor

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vehicle to Wheeler. In accordance with the District of New Mexico's standard practice in civil cases, Wheeler's case was referred to a magistrate judge, and, pursuant to 28 U.S.C. § 636(b)(1)(A), the magistrate judge "ha[d] complete authority and jurisdiction to determine and issue orders with regard to all non-dispositive issues including scheduling, discovery and settlement." Memorandum Opinion and Order Overruling Plaintiff's Objections to Magistrate Judge's Discovery and Scheduling Order (R., Doc. 16 at 6); *see also Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986) ("Section 636(b)(1)(A) . . . provides that a judge may request that a magistrate hear pre-trial matters pending before the judge, including discovery motions.").

Exercising his authority under § 636(b)(1)(A), the magistrate judge subsequently entered an order directing Wheeler and Bello "to show cause . . . why . . . sanctions . . . should not be entered as a result of their non-compliance with the mandatory disclosure requirements of Fed. R. Civ. P. 26, the district court's local rule, D.N.M.LR-Civ. 26.3(d), and the specific directive given to Bello at the Rule 16 conference." R., Doc. 34 at 1. The magistrate judge further directed Wheeler and Bello "to show cause why an award of costs and attorney fees should not be entered against them as a result of their non-compliance." *Id.* Wheeler and Bello subsequently filed a response to the show cause order, and the magistrate judge also held a show cause hearing.

On August 17, 2004, the magistrate judge entered a memorandum opinion and order (order) concerning the show cause order, concluding as follows:

> The Court concludes that Wheeler's and Bello's failure to comply with mandatory disclosure obligations, failure to comply with the Court's explicit directive to provide disclosures within ten days, and failure to provide disclosures under Rule 26.3(d) all violate the Federal Rules of Civil Procedure, the local rules of procedure and the Court's explicit directive. The Court determines that sanctions should be imposed as a result of the violation.

*Id.* at 4. To remedy the disclosure violations, the magistrate judge ordered Wheeler to fully comply with D.N.M.LR-Civ. 26.3(d) within ten days. *Id.* at 8. The magistrate judge also imposed a monetary sanction of $2,000, plus certain additional costs, against Bello, individually, and Bello was directed to pay the monetary sanction to counsel for defendants within thirty days. *Id.* Neither Wheeler nor Bello subsequently complied with the magistrate judge's orders. As a result, on October 29, 2004, the district judge, acting on the recommendation of the magistrate judge, entered an order and a related final judgment dismissing Wheeler's lawsuit with prejudice "as a sanction for [her] repeated defiance of orders and rules of the Court." *Id.*, Doc. 53 at 4; Doc. 54.

Wheeler has not filed an appeal in this court to challenge the district judge's October 29, 2004 dismissal order and the related final judgment. Instead, following the entry of the magistrate judge's August 17, 2004 order, Wheeler did two things. First, on September 1, 2004, Wheeler filed timely objections under

-3-

Fed. R. Civ. P. 72(a) to the August 17, 2004 order, and she requested that the district judge vacate or modify the order. *Id.*, Doc. 36 at 1. Second, on September 17, 2004, before the district judge had ruled on her Rule 72(a) objections, Wheeler filed a "Notice of Appeal" in this court, stating that she was appealing from the magistrate judge's August 17, 2004 order. *Id.*, Doc. 41 at 1. On November 3, 2004, Wheeler also submitted a "Brief to Show Jurisdiction" to this court. In her jurisdictional brief, Wheeler stated that she was applying to this court "to consider the notice of appeal and her brief as an application for writ of mandamus under the All Writs Act 28 U.S.C. 1651 directed to the district court to consider the objection to the [August 17, 2004] magistrate order and issue its opinion." Aplt. Jurs. Br. at 23.

We conclude that we do not have jurisdiction to consider Wheeler's challenge to the magistrate judge's August 17, 2004 order. As set forth above, the magistrate judge's authority to enter the order was derived from 28 U.S.C. § 636(b)(1)(A), and, as this court has previously explained:

> Under § 636(b)(1)(A), a magistrate judge may not issue a final order directly appealable to the court of appeals. *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164-65 (10th Cir. 1986); *Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A). *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Boyd Motors, Inc. v. Employers Ins. of Wausau*, 880 F.2d 270, 271 (10th Cir. 1989) (per curiam); *Niehaus*, 793 F.2d at 1165.

-4-

*Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). In other words, "appeals from magistrates' rulings [under § 636(b)(1)(A)] must be to the district courts and . . . appellate courts are without power to hear appeals directly from orders of federal magistrates."[1] *Niehaus*, 793 F.3d at 1165.

We further conclude that Wheeler's request for mandamus relief is moot. As noted above, Wheeler made her request for mandamus relief in the jurisdictional brief that she submitted to this court on November 4, 2004. At that time, however, the district judge had already dismissed Wheeler's lawsuit with prejudice and entered a final judgment in favor of defendants. *See* R., Docs. 53 and 54. As a result, if Wheeler wanted to challenge the district judge's failure to rule on the objections that she submitted to the magistrate judge's August 17, 2004 order, the proper course of action would have been to appeal from the district judge's dismissal order and the related final judgment. *Cf. Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994) ("'[A] notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders.'") (quoting 16

---

[1] In addition, because the district judge never entered an order regarding the matters that were addressed by the magistrate judge in his August 17, 2004 order, the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) is inapplicable here. Wheeler's reliance on that doctrine is therefore misplaced.

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3949 at 440 (Supp. 1994)).  As noted above, Wheeler has not filed such an appeal, and it is well established that "[t]he extraordinary relief of a writ of mandamus is not a substitute for an appeal." *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994).

This appeal is DISMISSED for lack of jurisdiction.  Wheeler's request for mandamus relief is DENIED as moot.

Entered for the Court

Bobby R. Baldock
Circuit Judge