**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-7059**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JAMES HOLMAN BROWNING, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:03-cr-00036-WLO-2; 1:06-cv-00024-WLO-WWD)

Submitted:  October 14, 2010        Decided:  October 22, 2010

Before MOTZ, KING, and DAVIS, Circuit Judges.

Dismissed and remanded by unpublished per curiam opinion.

James Holman Browning, Jr., Appellant Pro Se.  Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Holman Browning, Jr., a federal prisoner, appeals an order of the magistrate judge denying his motions for relief under Fed. R. Civ. P. 60(b), to compel, and for default judgment. Because we conclude that the magistrate judge did not have authority to enter a final, appealable order in this matter, we deny a certificate of appealability, dismiss the appeal without prejudice for lack of jurisdiction, and remand to the district court for further proceedings.

Pursuant to 28 U.S.C.A. § 636(c) (West Supp. 2010), a magistrate judge may enter a final order directly appealable to a court of appeals upon the consent of all parties. Otherwise, under § 636(b), a district court must initially review the magistrate judge's order or proposed findings under either a de novo or clearly erroneous standard of review, depending upon the nature of the ruling appealed. Absent an express adoption, modification, or rejection of the magistrate judge's ruling by the district court, the ruling is generally not reviewable by the court of appeals. See Reynaga v. Cammisa, 971 F.2d 414, 416-18 (9th Cir. 1992). In this case, we find nothing in the record showing that the parties consented to have the motions decided by the magistrate judge. As a result, the magistrate judge lacked the authority to enter a final dispositive order.

2

See Gleason v. Sec'y of Health & Human Servs., 777 F.2d 1324, 1324 (8th Cir. 1985).

Accordingly, we deny a certificate of appealability, dismiss this appeal, and remand to the district court for further proceedings. See Massey v. City of Ferndale, 7 F.3d 506, 510-11 (6th Cir. 1993) (dismissing appeal from unauthorized order issued by magistrate judge, but remanding to district court for corrective action). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED AND REMANDED