**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-6972

BRIAN DAVID STREBE,

Plaintiff - Appellant,

v.

BARRY KANODE, Warden-River North Correctional Center; HAROLD W. CLARKE, Director-Virginia Department of Corrections,

Defendants - Appellees.

No. 18-7422

BRIAN DAVID STREBE,

Plaintiff - Appellant,

v.

BARRY KANODE, Warden-River North Correctional Center; HAROLD W. CLARKE, Director-Virginia Department of Corrections,

Defendants - Appellees.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke. Norman K. Moon, Senior District Judge; Robert Stewart Ballou, Magistrate Judge. (7:17-cv-00321-NKM-RSB)

Submitted: June 27, 2019 Decided: August 15, 2019

---

Before FLOYD and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

No. 18-6972, dismissed; No. 18-7422, affirmed in part and dismissed in part by unpublished per curiam opinion.

---

Brian David Strebe, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals Virginia prisoner Brian David Strebe appeals the magistrate judge's order denying his motion for a preliminary injunction and his motions to amend his complaint, as well as the district court's orders denying his motion for a preliminary injunction, granting summary judgment in favor of Barry Kanode and Harold Clarke (collectively, "Defendants") on Strebe's 42 U.S.C. § 1983 (2012) complaint, and denying Strebe's Fed. R. Civ. P. 59(e) motions to alter or amend the judgment.

In appeal No. 18-6972, Strebe seeks to appeal the magistrate judge's order denying his motions to amend his complaint and his motion for a preliminary injunction. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "A denial of a motion to amend a complaint is not a final order, nor is it an appealable interlocutory or collateral order." *Bridges v. Dep't of Md. State Police*, 441 F.3d 197, 206 (4th Cir. 2006). Pursuant to 28 U.S.C. § 1292(a)(1), this court has jurisdiction over appeals of a district court's interlocutory order denying a motion for injunctive relief. However, magistrate judges lack statutory authority—absent the consent of all parties—to rule on motions for injunctive relief, and the record does not reflect that all parties so consented. *See* 28 U.S.C. § 636(b)(1)(A), (c)(1) (2012); *Reynaga v. Cammisa*, 971 F.2d 414, 416-17

3

(9th Cir. 1992). We therefore dismiss Strebe's appeal in No. 18-6972 for lack of appellate jurisdiction.[*]

In his § 1983 complaint, Strebe challenged the constitutionality of the visitation and incoming mail policies at the facility in which he was housed. He argues first on appeal that the magistrate judge erroneously denied his motions to amend his complaint to add retaliation and procedural due process claims against correctional officers other than Defendants. "Although leave to amend should be freely given when justice so requires . . . [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (internal quotation marks omitted). We generally review a district court's decision to grant or deny a motion to amend for abuse of discretion. *U.S. ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014).

We have reviewed Strebe's motions to amend and his proposed amended complaint and conclude that the magistrate judge did not abuse its discretion by denying Strebe's motions to amend his complaint to add new claims against new defendants in light of the facts that Defendants had already filed a motion for summary judgment, the denial was without prejudice, and nothing prevented Strebe from pursuing these claims in a separate lawsuit.

---

[*] Because the district court subsequently entered final judgment and denied Strebe's request for injunctive relief, we need not remand No. 18-6972 to the district court.

4

With respect to the district court's grant of summary judgment in favor of Defendants on Strebe's claims that the facilities' new mail and visitation policies violated his constitutional rights, on appeal Strebe challenges only the denial of relief on his claims related to the mail policy. "We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

"Courts have generally concluded that the First Amendment rights retained by convicted prisoners include the right to communicate with others beyond the prison walls." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 213 (4th Cir. 2017). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The four factors that courts consider in determining whether a regulation satisfies this standard are:

> (1) whether a valid, rational connection exists between the prison regulation and the legitimate governmental interest put forward to justify it, (2) whether alternative means of exercising the right exist

5

that remain open to prison inmates, (3) what impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally, and (4) whether there was an absence of ready alternatives to the regulation in question.

*Heyer*, 849 F.3d at 214 (internal quotation marks omitted). The prisoner bears the burden of proving the invalidity of the challenged regulation. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

We have reviewed the record and conclude that the district court correctly determined that all four *Turner* factors weigh in Defendants' favor. Strebe therefore failed to meet his burden of proving the invalidity of the mail policy, and we affirm the district court's orders granting summary judgment and denying Strebe's Rule 59(e) motions.

Finally, we dismiss as moot Strebe's appeal of the district court's order denying a preliminary injunction. *See Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 956 n.1 (9th Cir. 2012) ("Because we now rule on the merits of the case, deciding the preliminary injunction appeal would have no practical consequences."); *see also Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (explaining effect of transfer on claim for injunctive relief). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*18-6972, DISMISSED;*
*18-7422, AFFIRMED IN PART,*
*DISMISSED IN PART*

6