**CLD-077**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3844
_____

IN RE:  LAVOND HILL,

                                                  Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-19-cv-00960)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 30, 2019

Before:  JORDAN, KRAUSE and MATEY, Circuit Judges

(Opinion filed January 2, 20202)
_____

OPINION*
_____

PER CURIAM

    Lavond Hill petitions for a writ of mandamus.  We will deny his petition, but we

also will direct the Clerk to transfer it to the District Court as discussed below.

I.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Hill, while serving a Pennsylvania prison sentence, filed a civil action in state court alleging various forms of mistreatment at SCI-Greene. After some defendants removed the action to federal court, a Magistrate Judge granted their motions for extensions of time to respond to Hill's complaint. Most recently, on August 26, 2019, the Magistrate Judge ruled that defendants need not respond until he screens the complaint pursuant to the Prison Litigation Reform Act.

In September and October 2019, Hill filed three motions that remain pending in the District Court. Those motions request (1) a temporary restraining order and preliminary injunction, (2) appointment of counsel, and (3) the Magistrate Judge's disqualification. Hill also has since filed a letter with the District Court advising it that the mistreatment of which he complains has continued.

## II.

At issue here is a petition that Hill has filed with this Court seeking a writ of mandamus (1) disqualifying the Magistrate Judge and (2) ordering the Magistrate Judge to "rule" on his pending motions, including his motion for a TRO and preliminary injunction.[1] Mandamus is an extraordinary remedy that we have the discretion to grant only when the petitioner has a clear and indisputable right to relief and no other adequate

---

[1] We place the word "rule" in quotation marks because the Magistrate Judge is not acting on the parties' consent (ECF No. 11), and thus is not authorized to rule on Hill's motion for a TRO and preliminary injunction. See 28 U.S.C. § 636(b)(1)(A); Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992). Instead, the Magistrate Judge is authorized

2

means of obtaining it.  See Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017).

Hill's petition does not satisfy this standard because he has alternative means of obtaining both forms of relief he seeks.  Regarding disqualification of the Magistrate Judge, Hill has two alternative remedies to pursue.  First, Hill's motion to disqualify the Magistrate Judge is still pending before the Magistrate Judge.  See In re Kensington Int'l Ltd., 353 F.3d 211, 223-24 (3d Cir. 2003) (holding that the mandamus standard "cannot be met where a motion seeking the district judge's disqualification—the same relief sought in the mandamus petition[]—is pending in the district court").  Second, if the Magistrate Judge denies that motion, then Hill can seek review from the District Court.  See Cole v. U.S. Dist. Ct., 366 F.3d 813, 817-20 (9th Cir. 2004) (collecting cases and denying mandamus review of Magistrate Judge's order disqualifying counsel where petitioner did not seek review in the District Court).  Given the extraordinary nature of mandamus, however, it would be premature for us to decide the disqualification issue while Hill still has alternative remedies. [2]

only to make a recommendation to the District Court.  See 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge is, however, authorized to rule on Hill's other motions as non-dispositive pretrial matters (subject to the District Court's review) under § 636(b)(1)(A).

[2] Hill argues that the Magistrate Judge has displayed an appearance of partiality by promptly granting defendants' motions for extensions of time while "ignoring" his own motions.  But these kinds of "judicial rulings" and "routine [pre]trial administration efforts" do not state a basis for a bias or partiality motion.  Liteky v. United States, 510 U.S. 540, 556 (1994).  The mere fact that the Magistrate Judge has not acted on Hill's own motions for several months also does not give rise to an appearance of partiality.  Nor does it otherwise warrant mandamus relief by this Court as discussed below.

The same principle applies to Hill's request that we order the Magistrate Judge to act on his pending motions. Magistrate Judges who are not acting on the parties' consent are subject to the District Court's supervision in the first instance. See id. at 817-18. Thus, although we do not appear to have addressed the issue in a precedential opinion, "[o]rdinarily . . . superintending control of magistrate judges should [first] be sought in the district courts." 15A Charles Alan Wright et al., Federal Practice and Procedure § 3901.1 (2d ed. 2019); see also Petrilli v. Drechsel, 94 F.3d 325, 328 (7th Cir. 1996) (noting that, on a party's "motion for ruling," "[t]he district court judge entered an order requiring the magistrate judge to rule within four weeks").

There may be "doubly extraordinary" situations in which we might consider exercising our mandamus authority over a Magistrate Judge in the first instance. Wright et al., supra, § 3901.1. This situation is not one of them. Hill's motions have been pending only since September and October 2019 and, contrary to his arguments, we see no indication that the Magistrate Judge purposefully is avoiding them.[3] Thus, this delay

[3] Hill argues that the Magistrate Judge is employing the now-discredited "hands-off doctrine" under which certain courts declined to supervise the treatment of prisoners. The Magistrate Judge, however, has not done or said anything suggesting as much. Instead, it appears that the Magistrate Judge, consistent with his most recent order, is still screening Hill's complaint. Hill argues that such screening is improper because the state court with which he initially filed his complaint already has screened it and granted him in forma pauperis status pursuant to Pennsylvania's own rules and prison-litigation legislation. Regardless of in forma pauperis status, however, prisoner complaints generally must be screened in federal court pursuant to 28 U.S.C. § 1915A. In any event, we need not address the Magistrate Judge's alleged "re-screening" of Hill's complaint

does not amount to a failure to exercise jurisdiction. Cf. Madden v. Myers, 102 F.3d 74, 76, 79 (3d Cir. 1996) (addressing three- and four-month delays in ruling on habeas-related filings).

Nevertheless, this delay is indeed cause for concern given Hill's request for immediate injunctive relief. Such requests generally require prompt attention. Cf. Ross v. Gen. Dev. Corp., 949 F.2d 695, 703 (3d Cir. 1991) (holding that District Courts may not indefinitely defer consideration of preliminary injunction applications that make a showing of irreparable injury "without considering whether that injury will in fact occur"). In this case, Hill alleges that defendants and those allegedly acting at their behest continue to mistreat him in various ways, including by assaulting him and contaminating his food (albeit now at a different facility to which he was transferred after he filed his complaint). We express no opinion on the truth of these allegations, but they are specific, disturbing, and deserving of prompt consideration.

Thus, although mandamus relief from this Court is not yet warranted, we will transfer Hill's mandamus petition to the District Court for whatever action the District Court deems appropriate.[4] We trust that the Magistrate Judge and the District Court will act promptly on Hill's motions.

---

because Hill, if necessary, can raise any claim of prejudicial error in that regard on appeal. See Gillette, 858 F.3d at 841.

[4] Hill already has filed a copy of his mandamus petition with the District Court, which has docketed it as a courtesy copy. (ECF No. 16.) Although we leave to the District Court's discretion precisely how to treat Hill's petition on transfer, the District Court's

III.

For these reasons, we will deny Hill's mandamus petition. The Clerk is directed to transfer Hill's petition and a copy of this opinion to the United States District Court for the Western District of Pennsylvania.

docketing entry should reflect that Hill is seeking a ruling on his pending motions.