160 F.3d 578
 98 Cal. Daily Op. Serv. 8441, 99 Cal. Daily
Op. Serv. 199,
1999 Daily Journal D.A.R. 235,
98 Daily Journal D.A.R. 11,746
In re Marriage of NASCA,
Peter S. NASCA & Denise G. Nasca, Plaintiffs-Appellees,
v.
PEOPLESOFT, Defendant-Appellant.
 Nos. 98-15313, 98-15314.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 5, 1998.
Decided Nov. 17, 1998.
As Amended Jan. 7, 1999.
 
 James Nelson, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, California, for defendant-appellant.
 Ann Riley, Danville, California, for plaintiffs-appellees.
 Barbara A. Diafranza, Salinas, California, for amicus.
 Appeals from the United States District Court for the Northern District of California James Larson, Magistrate Judge, Presiding. D.C. No. CV-97-04639-JL.
 Before: HUG, Chief Judge, FLETCHER and TROTT, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 We dismiss these appeals for lack of appellate jurisdiction and direct the magistrate to withdraw his remand order and fee award because the parties did not manifest consent in the manner required by 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(b). We conclude that general orders from a district court that allow the court to infer consent from a failure to object are insufficient to manifest consent.
 
 
 2
 This case began as a divorce proceeding in California Superior Court. It found its way to federal court after Peter Nasca, one of the divorcing spouses, joined his pension plan, Peoplesoft, in the action. Peoplesoft, citing the Employee Retirement Income Security Act of 1974 (ERISA), removed the action to federal court. Having arrived in the District Court for the Northern District of California, the case was assigned to a magistrate judge. Responding to a motion by the Nascas, the magistrate judge ultimately remanded the action to state court and granted the Nascas' request for attorneys' fees. On appeal, Peoplesoft seeks to overturn the remand order and fee award.
 
 
 3
 Noting the lack of express consent in the record to the magistrate's authority, we raised sua sponte the question of our jurisdiction. This court's jurisdiction to review the orders of a magistrate judge in civil cases depends upon the consent of the parties to the magistrate's authority. See 28 U.S.C. § 636(c)(3); Aldrich v. Bowen, 130 F.3d 1364, 1365 (9th Cir.1997). The consent of the parties, moreover, must be "clear and unambiguous," Alaniz v. California Processors, Inc., 690 F.2d 717, 720 (9th Cir.1982), and "explicit," San Vincente Med. Partners Ltd. v. American Principals Holdings, Inc., 865 F.2d 1128, 1131 (9th Cir.1989). Section 636(c) requires that the parties' decision "be communicated to the clerk of the court," and Fed.R.Civ.P. 73(b) requires that the parties "execute and file a joint form of consent or separate forms of consent." Consent will not be inferred from the silence or conduct of the parties. See Alaniz, 690 F.2d at 720 ("[T]he parties ask us to view their conduct throughout the proceedings below as constituting the necessary consent. This we decline to do.").
 
 
 4
 Until we raised the issue of consent, it appears that none of the parties had questioned the magistrate's authority. Admitting that the record contains no clear and unambiguous expression of consent,[1] the parties rely on the consent notice that they received pursuant to the district court's general order upon the assignment of their case to a magistrate. The notice provided that, "[u]nless a party requests reassignment timely, the parties will be deemed to have consented to the trial and disposition of this case by the assigned United States Magistrate Judge." The parties thus offer their failure to timely object as evidence of consent for the purposes of § 636(c).
 
 
 5
 We hold that this "consent by failure to object" is insufficient to clothe the magistrate with § 636(c) powers. Our insistence that consent be explicit, clear and unambiguous is not an exercise in mere formalism. But for the consent requirement, § 636(c)'s grant of judicial power to magistrates would infringe on the constitutional rights guaranteed to litigants by Article III. See Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541-43 (9th Cir.1984) (en banc). The detailed statutory notice and consent provisions contained in § 636(c), moreover, are the product of Congress' express recognition of this very constitutional difficulty. See Glover v. Alabama Bd. of Corrections, 660 F.2d 120, 124 (5th Cir.1981) (" 'The applicable legislative history indicates that consent to reference was considered to be a vital element of [§ 636(c) ] to ensure that referral would not violate constitutional rights ....' ") (quoting Calderon v. Waco Lighthouse for the Blind, 630 F.2d 352, 353-54 n. 1 (5th Cir.1980)). Accordingly, close attention to the adequacy of consent is justified. As we stated in Alaniz,
 
 
 6
 In the absence of a clear statement by the parties, the voluntariness of consent cannot be protected and we could be faced in any case with a retroactive attempt to expand or contract the magistrate's authority. We will not permit our jurisdiction to depend on inferences when both the statute and common sense call for precision.
 
 
 7
 690 F.2d at 720.
 
 
 8
 For these reasons, we hold that consent may not be inferred from the conduct of the parties, even where that conduct (or lack of conduct) may have been invited by a general order of the district court. Cf. Jaliwala v. United States, 945 F.2d 221, 224 (7th Cir.1991) (failure to object, even though invited as expression of consent by the district court, was insufficient for purposes of § 636(c)). The power of federal magistrates is strictly circumscribed by statute. The courts, whether by general order or otherwise, are not at liberty to disregard or modify the statutory prerequisites to a magistrate's jurisdiction.[2]
 
 
 9
 Our holding today is not only supported by the considerations discussed above, but is compelled by our prior precedent. Aldrich presented a circumstance identical to the one at bar. The parties in that case, having appealed from a final judgment entered by a magistrate in the District of Idaho, relied on that court's general order establishing a "consent by failure to object" procedure. Notwithstanding this general order, we held that "[t]he magistrate judge had no jurisdiction to hear the case because the record contains no written consent of the parties as required by 28 U.S.C. § 636(c)(1) and Fed.R.Civ.P. 73(b)." Aldrich v. Bowen, 130 F.3d at 1365.
 
 
 10
 We conclude where we began. The consent required by § 636(c) must be explicit, clear, unambiguous, and cannot be inferred from the conduct of the parties, general orders by the district court to the contrary notwithstanding. Because the requisite consent is lacking here, the magistrate judge acted without jurisdiction and is directed to withdraw his remand order and fee award.[3] His lack of jurisdiction a fortiori deprives this court of appellate jurisdiction. See id.
 
 
 11
 DISMISSED. No party shall recover costs in this court.
 
 
 
 [1]
 Counsel for Mr. Nasca suggests that the oral acknowledgment below by counsel that the matter was "submitted" should satisfy the consent requirement. Even if the pro forma utterance of "submitted" could somehow be interpreted as an expression of consent, a proposition we doubt, it falls well short of a "clear and unambiguous" expression of such consent communicated as required by statute and rule
 
 
 [2]
 Accordingly, we must reject the request of the parties that we give our holding only prospective effect. We are sensitive to the hardship that this ruling will inflict on the Nascas, who, through no fault of their own, have had their divorce proceeding held hostage in federal court. It is clear in our circuit, however, that the failure of consent goes to the question of jurisdiction, and thus we have no equitable discretion to soften the blow to the parties. See San Vincente Med. Partners Ltd., 865 F.2d at 1130; but see Archie v. Christian, 808 F.2d 1132, 1134-37 (5th Cir.1987) (en banc) (holding that lack of express consent is not a jurisdictional flaw; prospectively imposing requirement of express consent in writing)
 
 
 [3]
 The district court's "Notice of Assignment to United States Magistrate Judge for Trial" referred the case under 28 U.S.C. § 636(c) for complete resolution of all matters. Without consent of the parties the magistrate judge has no jurisdiction over such a referral. He has no authority to enter any order or make any ruling dispositive or otherwise. We express no opinion regarding his authority had the matter been referred under 28 U.S.C. § 636(b)