**Richard E. HOLBERT, Plaintiff–Appellant,**

v.

**IDAHO POWER COMPANY, Defendant–Appellee.**

**No. 98–35090.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1999[*]

Filed Nov. 8, 1999

---

Ray E. Smith, Boise, Idaho, for the plaintiff-appellant.

Rex Blackburn and Thomas B. Humphrey, Evans, Keane, Boise, Idaho, for the defendant-appellee.

Before: SCHROEDER and BEEZER, Circuit Judges, and SCHWARZER,[**] District Judge.

## ORDER

Richard E. Holbert appeals the magistrate judge's order denying his motion for partial summary judgment, and granting Idaho Power Company's ("IPC") motion for summary judgment. We lack jurisdiction.

A magistrate judge has authority to enter a final judgment only where all parties to the litigation have consented to the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(c)(1); Fed.R.Civ.P. 73(b); *Nasca v. Peoplesoft,* 160 F.3d 578, 579 (9th Cir.1998). Such consent must be "explicit, clear and unambiguous" and "will not be inferred from the silence or conduct of the parties." *Nasca,* 160 F.3d at 579; *see also Hajek v. Burlington N. R.R. Co.,* No. 97–36152, 1999 WL 569363, at *6 (9th Cir. August 5, 1999). Section 636(c)(2) requires that such consent "be communicated to the clerk of the court," and Fed. R.Civ.P. 73(b) requires that all parties "execute and file a joint form of consent or separate forms of consent."

Our examination of the district court file fails to disclose an "explicit, clear and unambiguous" consent by IPC to the jurisdiction of the magistrate judge, nor did IPC do so in the manner required by 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73(b).[1]

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

[**] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Noting the absence of express consent in the record to the magistrate judge's authority we raised *sua sponte* the question of our own jurisdiction. *See Nasca,* 160 F.3d at 579.

The magistrate judge acted without jurisdiction in purporting to enter a final, appealable judgment in this case. The magistrate judge's "lack of jurisdiction a fortiori deprives this court of appellate jurisdiction." *Nasca,* 160 F.3d at 580; *see* 28 U.S.C. S 636(c)(3); Fed.R.Civ.P. 73(c). We dismiss this appeal and each party shall bear their own costs.

DISMISSED.