**Cynthia MORRISON, Plaintiff,**

v.

**INTERNATIONAL PROGRAMS CONSORTIUM, INC., et al., Defendants.**

**No. CIV. A. 97–1837(JMF).**

United States District Court, District of Columbia.

Jan. 30, 2002.

---

Jerry Robert Goldstein, Marc S. Levine, Goldstein, Handler & Levine, P.C., Bethesda, MD, for plaintiff.

Walter Edgar Laake, Jr., Joseph, Greenwald & Laake, P.A., Greenbelt, MD, James C. Wood, Washington, DC, E. Grey Lewis, Ernest Cornish Baynard, III, Washington, DC, for defendants.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This is a Fair Labor Standards Act case. *See generally Morrison v. International Programs Consortium, Inc.*, 253 F.3d 5 (D.C.Cir. 2001) for a discussion of the facts.

### BACKGROUND

Plaintiff filed her complaint on August 14, 1997, naming International Programs Consortium, Inc. ("ICP") and Kathleen M. Hanlon ("Hanlon") as defendants. A lawyer named Walter E. Laake, Jr., ("Laake") filed an answer on behalf of both defendants on December 12, 1997.

On June 18, 1998, Laake and Mark Levine, plaintiff's counsel, filed a document entitled "Joint Statement." They said that the document was being filed "[p]ursuant to Local Rule 206." Paragraph 3 stated: *"Whether the Case Should be Assigned to a Magistrate Judge.* The parties are willing to have the case assigned to a Magistrate Judge."

On October 7, 1998, Laake moved to withdraw. In his *Motion to Withdraw,* he explained that he had been contacted by "counsel" for ICP and Hanlon and asked "to represent the Defendants and Answer the Complaint filed against them while counsel sought to settle or arbitrate Plaintiff's dispute." *Motion to Withdraw* at 2. He explained that he had filed the answer and the Joint Statement to which I just referred. Laake then explained that as the case was not going to be settled or submitted to arbitration, he contacted "counsel for the company" to arrange a meeting with the defendants to begin to represent them actively. Instead, "counsel for the Defendants" told Laake that Hanlon and ICP had discharged Laake and hired a lawyer named James Wood to represent Hanlon. Laake then stated:

I contacted Ms. Hanlon personally to verify that she no longer wanted the undersigned to represent her in this matter and was specifically told by her that she did not know me, had no time to speak with me and that James Wood, Esquire was representing her in this matter and that

the undersigned was to direct all communications to him regarding this case.

*Id.* ¶ 6.

Judge Roberts granted Laake's motion on November 30, 1998, and then referred the case to mediation on January 12, 1999. On February 10, 1999, James C. Wood ("Wood") entered his appearance on behalf of both defendants for the limited purpose of representing them in mediation. It appears that the parties then engaged in several months of mediation but were unable to come to an agreement.

On July 21, 1999, Judge Roberts held a status conference at which Hanlon represented herself and IPC *pro se.* Judge Roberts referred the case to a magistrate judge for all purposes. The court reporter, Vernell Marshall, has graciously read me the portion of the status conference that pertains to the referral. Invoking the Joint Statement that Levine and Laake had filed in June, 1998, Judge Roberts indicated that he would issue an order referring the case for all purposes including trial to a magistrate judge and the parties could expect that all future notices as to scheduling would come from the magistrate judge. There was no discussion whatsoever of the parties executing the form that this Court uses to memorialize the parties' consent to proceed to trial before a magistrate judge. The executed consent form is customarily entered separately into the docket and is signed by the parties and endorsed by the district judge.

In this case, there is neither an executed consent form nor a docket entry. Indeed, a diligent search of the court jacket and of the chambers' files did not yield the form and I understand that counsel cannot find an executed form in their files. Unfortunately, the transcript suggests that Judge Roberts' deputy courtroom clerk did not tender the form to Hanlon and plaintiff's counsel. Had the clerk done so and had Hanlon and plaintiff's counsel signed it, the clerk would have entered it in the docket. The conclusion is ineluctable, therefore, that the consent form was never signed by Hanlon or plaintiff.

The case proceeded to trial before Magistrate Judge Robinson without objection by any party. No one, including defendants'

new counsel, Ernest Baynard ("Baynard"), raised the absence of the form on appeal. Furthermore, when Magistrate Judge Robinson recused herself, I presided over this matter without objection. Nevertheless, two days before trial and after I had denied her motion to postpone the trial, Baynard called my chambers to inquire whether the court jacket contained the consent form.

## ANALYSIS

Since it is acknowledged by all parties and the Court that no such form was ever executed, the question, which plaintiff has quickly briefed, is whether the absence of the consent form prevents a magistrate judge from presiding over the trial. I conclude, with extreme reluctance, that it does.

Referral of a civil trial to a magistrate judge for all purposes is governed by 28 U.S.C.A. § 636(c) (1994). The statute itself requires no written consent, but it does provide that "Rules of court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent." 28 U.S.C. § 636(c)(2).

However, Fed.R.Civ.P. 73(b), which does have the force of statute, provides:

b) Consent. When a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate judge of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c). If, within the period specified by local rule, the parties agree to a magistrate judge's exercise of such authority, they shall execute and file a joint form of consent or separate forms of consent setting forth such election.

Moreover, the Federal Rule is supplemented by the Local Rule, which also requires written consent. *See* LCvR 73.1(b).

The form that the deputy courtroom clerk should have handed to Hanlon and plaintiff's counsel is the form described by this rule. While one circuit court has concluded that the form may be signed by the parties or

their counsel [1], it surely must be signed by at least one of them. Here, it was signed by neither because no one brought to Hanlon's or plaintiff's counsel's attention the need to sign it. Obviously, there was no compliance with this rule's requirements by the execution of the form used to secure it. The question then becomes whether the *Joint Statement* nevertheless meets the rule's requirements and, if not, whether defendants have waived any objection to my exercise of jurisdiction by proceeding to trial before another magistrate judge, by failing to raise the issue on appeal, or by not objecting to my exercise of jurisdiction until the very eve of trial.

■ There is, of course, nothing talismanic about the form the court uses. Another means of securing consent would be effective, provided it constituted a "joint" or "separate" form of consent which has been "executed," i.e., a writing that evidences consent by a party to the exercise of trial jurisdiction by a magistrate judge. To be effective, the waiver of the constitutional right to have an Article III judge preside over a matter must be an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It is consistently said that the consent to the exercise of a magistrate judge's jurisdiction must be "explicit, voluntary, clear and unambiguous." *McNab v. J & J Marine, Inc.,* 240 F.3d 1326, 1328 (11th Cir.2001); *Rembert v. Apfel,* 213 F.3d 1331, 1334 (11th Cir.2000) (consent must be express and on the record); *Holbert v. Idaho Power Co.,* 195 F.3d 452, 453 (9th Cir.1999); *Nasca v. Peoplesoft,* 160 F.3d 578, 579 (9th Cir.1998); *New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.,* 996 F.2d 21, 23 (2nd Cir.1993).

■ Unfortunately, the declaration Laake submitted when he moved to withdraw undercuts any determination that he had Hanlon's consent to waive trial before an Article III judge. In his declaration, he indicates that he was retained to file an answer while some other lawyer, presumably Wood but identified only as "counsel for the company," tried to settle the case or have it submitted to arbitration. When the case neither settled nor went to arbitration, Laake called to begin a more active representation of the defendants but Hanlon told him that she did not know him and that she had retained other counsel. Laake had authority to file an answer and "hold the fort," as it were, while another lawyer tried to settle or arbitrate the case. His authority to also waive the right to trial before an Article III judge was at best ambiguous, and anything but clear and unequivocal.

Relying on three cases, and without specifically discussing the requirements of Fed. R.Civ.P. 73(b), plaintiff insists that "[C]onsent does not have to be writing, but it cannot simply be inferred by conduct." *The Referral of this Case to a Magistrate Judge Was Proper* at 2. But none of these cases abrogate the unequivocal requirement of Fed.R.Civ.P. 73(b) that the consent be in writing. In the first case, *Kadonsky v. United States,* 216 F.3d 499, 501 (5th Cir.2000), a *pro se* plaintiff signed a joint status report that the court found to satisfy the requirements of Fed.R.Civ.P. 73(b). Here, Hanlon never signed any thing at all.

In *Kofoed v. Int'l Brotherhood of Electrical Workers, Local 48,* 237 F.3d 1001, 1003 (9th Cir.2001), the parties signed the consent form, albeit after the magistrate judge had entered final judgment. The court held that oral consent to the magistrate judge's proceeding sufficed, apparently because the parties ultimately filed a written consent form. In so concluding, the court stated: "We also will not infer consent from the conduct of the parties, even where a local rule or general order provides for such inference." *Id.* at 1003. Hence, the case rejects the very proposition that plaintiff contends it supports. As footnote 2 of the decision makes clear, the parties orally consented to the exercise of jurisdiction but simply failed to execute the Rule 73 forms until after the magistrate judge had ruled. Thus, signed consent forms were in existence-this is simply not the case here.

Finally, in *Frank v. County of Hudson,* 962 F.Supp. 41, 42 (D.N.J.1997), plaintiff's counsel had signed the consent form, which is not the case here. Additionally, the court

1. *United States v. Muhammad,* 165 F.3d 327, 330–331 (5th Cir.1999)

focused on whether 28 U.S.C.A. § 636(c)(1) requires that the consent be in writing. As noted above, the statute contains no such requirement, but the Federal and Local Rules do.

■ Finally, plaintiff protests that defendants waived any objection to a magistrate judge's jurisdiction because of their failure to object to that jurisdiction until now. But as every first-year law student learns in civil procedure, parties cannot confer jurisdiction by consent.[2] The cases are legion in which a court *sua sponte* notes the absence of jurisdiction years into the litigation, despite the parties' ignorance of the deficiency. More particularly, the cases consistently have held that the absence of a magistrate judge's jurisdiction may be asserted on appeal even though the party objecting raised no objection to that exercise below. *Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir.1995); *Mendes Junior International Co.,* 978 F.2d at 923; *In re Marriage of Nasca,* 160 F.3d at 579.

I therefore conclude that I lack jurisdiction to proceed to trial in this matter. I reach that conclusion with extraordinary reluctance. Defendants' objecting to jurisdiction on the eve of trial and after I had denied their motion for a postponement is pure gamesmanship and it is disheartening to see it prevail.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is hereby

**ORDERED** that all proceedings in this matter are stayed pending further of the court. It is further hereby,

**ORDERED** that my order of November 20, 2001, scheduling trial for January 31, 2002 is **VACATED.**

**SO ORDERED.**

---

**2.** In relying on *Archie v. Christian,* 808 F.2d 1132, 1137 (5th Cir.1987) and *Mylett v. Jeane,* 879 F.2d 1272, 1275 (5th Cir., 1989), plaintiff ignores that the same court distinguished both cases when it concluded that when the entire matter, including the trial, is referred to the magistrate judge and the magistrate judge enters final judgment, the absence of consent is not procedural but jurisdictional. Jurisdiction is, therefore, not waived and may be asserted for the first time on appeal. *Mendes Junior Int'l Co. v. M/V Sokai Maru,* 978 F.2d 920 (5th Cir.1992).