**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN ALLEN, *Plaintiff-Appellant*, <br><br> v. <br><br> MEYER, Correctional Officer; BOTELLO; TRISHA; ZAMORA; ADAIR; ZUNIGA, *Defendants-Appellees*. | No. 11-16714 <br><br> D.C. No. 1:09-cv-00729-GBC <br><br><br> OPINION |

Appeal from the United States District Court
for the Eastern District of California
Gerald B. Cohn, Magistrate Judge, Presiding

Argued and Submitted
October 16, 2013—San Francisco, California

Filed June 20, 2014

Before: Sidney R. Thomas and M. Margaret McKeown,
Circuit Judges, and Mark W. Bennett, District Judge.[*]

Opinion by Judge McKeown

---

[*] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

## SUMMARY[**]

---

### Civil Rights/Jurisdiction

Determining that it had jurisdiction to review the validity of a judgment entered by a magistrate judge who failed to obtain the consent of both parties, as required by 28 U.S.C. § 636(c)(1), the panel remanded the action to the district court with instructions to vacate the invalid judgment and to conduct further proceedings consistent with the panel's opinion.

---

### COUNSEL

Caitlin Sinclaire Blythe (argued), George C. Harris, Morrison & Foerster, San Francisco, California, for Plaintiff-Appellant.

Kenneth T. Roost (argued), Deputy Attorney General, Kamala Harris, Attorney General of California, Jonathan L. Wolff, Senior Assistant Attorney General, Thomas S. Patterson, Supervising Deputy Attorney General, San Francisco, California, for Defendants-Appellants.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

McKEOWN, Circuit Judge:

We must decide whether we have jurisdiction to review the validity of a judgment entered by a magistrate judge who failed to obtain the consent of both parties, as required by 28 U.S.C. § 636(c)(1). We conclude that we do. Because the magistrate judge entered judgment on behalf of the district court without the parties' consent, the judgment was invalid. Accordingly, we remand this case to the district court with instructions to vacate the invalid judgment and to conduct further proceedings consistent with this opinion.

## BACKGROUND

Kelvin Allen filed this pro se action under 42 U.S.C. § 1983, alleging that several correctional officers (the "officers") at Corcoran State Prison violated his rights under the Eighth Amendment of the United States Constitution. After the magistrate judge dismissed the complaint with leave to amend, Allen amended his complaint. The officers then moved to dismiss Allen's amended complaint for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

Allen consented to jurisdiction before a magistrate judge, but the record confirms—and the parties concede—that the officers never did the same. On two occasions during the pendency of the motion to dismiss, the magistrate judge ordered the officers to reject or consent to magistrate-judge jurisdiction. After the magistrate judge's first order, the officers filed their reply brief but failed to address the consent issue. Acknowledging that the officers had not yet consented

to his jurisdiction, the magistrate judge then issued a second order and set a deadline for the officers to respond. Inexplicably, without waiting for the officers' response or for this second deadline to pass, the magistrate judge granted the officers' motion to dismiss and entered judgment against Allen. Allen timely appealed.

## ANALYSIS

Under 28 U.S.C. § 1291, we have jurisdiction over "appeals from all final decisions of the district courts of the United States." We also "have jurisdiction to determine whether we have jurisdiction." *E.g.*, *Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1239 (9th Cir. 2006). Where, as here, a magistrate judge enters judgment on behalf of the district court, our jurisdiction on appeal "depends on the magistrate judge's lawful exercise of jurisdiction." *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 914 (9th Cir. 2003); *accord Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1003 (9th Cir. 2001). Because our jurisdiction to adjudicate the underlying merits of this appeal hinges on the magistrate judge's proper exercise of jurisdiction, we have the authority to review the antecedent question of whether the magistrate judge validly entered judgment on behalf of the district court. *See, e.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) ("We review de novo whether a magistrate judge has jurisdiction." (internal quotation marks omitted)); *Irwin v. Mascott*, 370 F.3d 924, 929 (9th Cir. 2004) (same); *Hajek v. Burlington N. R.R. Co.*, 186 F.3d 1105, 1107–08 (9th Cir. 1999) (raising issue of

appellate jurisdiction sua sponte and reviewing whether magistrate judge had jurisdiction).[1]

Answering that question requires us to determine whether the magistrate judge complied with the requirements of 28 U.S.C. § 636(c), which limits the authority of federal magistrate judges. *See Reynaga v. Cammisa*, 971 F.2d 414, 416 (9th Cir. 1992). Under § 636(c), full-time federal magistrate judges "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court" and "[u]pon the consent of the parties." 28 U.S.C. § 636(c)(1). Consent—whether express or implied through conduct—is "the touchstone of magistrate judge jurisdiction." *Wilhelm*, 680 F.3d at 1119, 1121 (internal quotation marks omitted); *see Roell v. Withrow*, 538 U.S. 580, 582 (2003).

It is undisputed that the officers furnished neither express nor implied consent to jurisdiction before a magistrate judge. Consequently, the magistrate judge had no jurisdiction to enter final judgment on behalf of the district court, and "any purported judgment is a nullity." *Kofoed*, 237 F.3d at 1004;

---

[1] We recognize that there may be some tension in our precedent with respect to our appellate jurisdiction. In our view, the cases in which we acknowledge our jurisdiction to consider whether the magistrate judge lacked jurisdiction are consistent with the Supreme Court's precedent in *United States v. Corrick*, 298 U.S. 435, 440 (1936), and with our well-established case law on jurisdiction. To the extent that any of our cases disavow such jurisdiction, we note that those cases may unintentionally conflate jurisdiction to determine our jurisdiction with jurisdiction to review the merits, or may simply misapprehend the limited nature of the jurisdictional undertaking. *Cf. Holbert v. Idaho Power Co.*, 195 F.3d 452, 454 (9th Cir. 1999) (order).

*cf. Reynaga*, 971 F.2d at 417 (holding that, absent consent of all parties, magistrate judge's stay order was "beyond his jurisdiction and was, in essence, a legal nullity").

Because the judgment entered by the magistrate judge was invalid, we are left to fashion a remedy to undo it. *Cf. United States v. Corrick*, 298 U.S. 435, 440 (1936) ("While the District Court lacked jurisdiction, we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit." (citing cases)). Our precedent paints no clear picture on the appropriate remedy and presents a range of options to address the magistrate judge's invalid judgment. To some degree, the remedy has depended on the nature and facts of the case. For example, in some cases, we have dismissed the appeal for lack of appellate jurisdiction because the magistrate judge had no authority to enter judgment. *See, e.g.*, *Holbert v. Idaho Power Co.*, 195 F.3d 452, 454 (9th Cir. 1999) (order) (dismissing appeal because "the magistrate judge's lack of jurisdiction a fortiori deprive[d] this court of appellate jurisdiction" (internal quotation marks omitted)); *Aldrich v. Bowen*, 130 F.3d 1364, 1364–65 (9th Cir. 1997). In other cases, rather than dismiss the appeal, we have transferred the case back to the district court in the interest of justice pursuant to 28 U.S.C. § 1631.[2] *See, e.g.*, *In re San Vicente Med. Partners Ltd.*, 865 F.2d 1128, 1131 (9th Cir. 1989) ("Rather than dismiss this appeal, however, we transfer this matter in the interest of justice pursuant to 28 U.S.C. § 1631, to the district court for further action."); *Tripati v.*

---

[2] Under 28 U.S.C. § 1631, if a court determines "that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."

*Rison*, 847 F.2d 548, 548–49 (9th Cir. 1988) (same).  And in at least one other case, we remanded the case to the district court to decide whether the parties had voluntarily consented to magistrate-judge jurisdiction and then instructed the district court to vacate the judgment if it determined that consent was lacking.  *See Anderson*, 351 F.3d at 919.

The upshot is that our cases do not dictate a single remedy to correct an obvious error involving a magistrate judge's lack of jurisdiction.  Despite the absence of a uniform remedy, our precedent supports two important principles that guide our approach in this appeal.  First, as explained above, we have jurisdiction to consider the threshold issue of our own jurisdiction by reviewing the validity of a magistrate judge's judgment, *see Aguon-Schulte*, 469 F.3d at 1239, which is distinct from our jurisdiction to adjudicate the underlying merits of the appeal.  Second, and of equal importance, we cannot countenance a magistrate judge's unauthorized judgment and have frequently taken steps to correct such errors on direct appeal.  *See, e.g.*, *Nasca v. Peoplesoft*, 160 F.3d 578, 580 (9th Cir. 1999) (dismissing appeal for lack of appellate jurisdiction and directing magistrate judge to withdraw unauthorized remand order and fee award), *overruled on other grounds by Roell*, 538 U.S. at 582; *In re San Vicente*, 865 F.2d at 1131.

We are concerned that simply dismissing the appeal for lack of jurisdiction provides no remedy at all.  Doing so would potentially deprive Allen a chance to appeal the underlying merits and would leave intact the void judgment. Rather than dismiss or transfer this appeal and risk leaving in place the magistrate judge's infirm judgment, we remand this matter to the district court with instructions to vacate the

judgment.[3]  On remand, the district court may address the officers' motion to dismiss in the first instance, or, alternatively, may construe the magistrate judge's order as a report and recommendation and afford the parties reasonable time to file objections.

Each party shall bear its own costs on appeal.

**REMANDED WITH INSTRUCTIONS.**

---

[3] The "drastic and extraordinary remedy" of mandamus requested by Allen is not warranted.  *In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) (internal quotation marks omitted).  Contrary to Allen's suggestion, our approach in *Reynaga* does not support the issuance of a writ of mandamus in this case.  In *Reynaga*, we issued a writ of mandamus because the magistrate judge entered an interlocutory stay order without obtaining the consent of both parties.  971 F.2d at 415–16.  Unlike in *Reynaga*, Allen appeals the magistrate judge's final, albeit unauthorized, judgment rather than a stay.  In any event, resorting to mandamus is unnecessary in light of our remand, which has the effect of vacating the magistrate judge's invalid judgment.