NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| K.J.P., a minor, individually, by and through their mother, Loan Thi Minh Nguyen; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CITY OF SANTEE; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> COUNTY OF SAN DIEGO; et al., <br><br> Defendants. | No.   17-56256 <br><br> D.C. No. <br> 3:15-cv-02692-H-MDD <br><br><br> MEMORANDUM[*] |
| K.J.P., a minor, individually, by and through their mother, Loan Thi Minh Nguyen; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DEAN ALLEN, Sheriff's Department deputy (#4591); et al., <br><br> Defendants-Appellants, | No.   17-56257 <br><br> D.C. No. <br> 3:15-cv-02692-H-MDD |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT; et al.,

Defendants.

---

K.J.P., a minor, individually, by and through their mother, Loan Thi Minh Nguyen; et al.,

Plaintiffs-Appellees,

v.

LAKESIDE FIRE PROTECTION
DISTRICT; et al.,

Defendants-Appellants,

and

CITY OF SANTEE; et al.,

Defendants.

No.   17-56260

D.C. No.
3:15-cv-02692-H-MDD

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted December 7, 2018
Pasadena, California

Before:  WARDLAW and OWENS, Circuit Judges, and DORSEY,** District Judge.

---

** The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

The County of San Diego, San Diego County Sheriff's Department, City of Santee, Lakeside Fire Protection District, and individual Sheriff's Department deputy and paramedic defendants appeal the district court's denial of their motions for summary judgment on the basis of qualified immunity. We remand for further proceedings.

We have jurisdiction to determine whether we have jurisdiction over this appeal. *Allen v. Meyer*, 755 F.3d 866, 867 (9th Cir. 2014). Where, as here, a district court denies summary judgment on a qualified immunity defense, our jurisdiction depends on whether the appeal presents "purely legal issues." *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000); *see Johnson v. Jones*, 515 U.S. 304, 311, 313–18 (1995). In this context, we "have jurisdiction to decide whether, taking the facts in the light most favorable to the non-moving party, the defendants are entitled to qualified immunity . . . ." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 945 (9th Cir. 2017). Because there appear to be numerous factual disputes, we ordinarily might conclude that we lack jurisdiction to determine whether the district court correctly denied the motions for summary judgment based on qualified immunity. However, here, the district court was required to "carefully examine the specific factual allegations against each individual defendant (as viewed in a light most favorable to the plaintiff)," *Cunningham*, 229 F.3d at 1287, and it failed to do so.

The district court did not conduct an individualized assessment of the conduct of each of the various defendants in their myriad roles. Rather than "examine the specific factual allegations against each individual defendant," *id.*, the district court concluded that the plaintiffs had raised triable issues of fact regarding whether the aggregate conduct of the twelve deputies constituted excessive force, and the aggregate conduct of the deputies and the seven paramedics constituted an unconstitutional denial of medical care. Beyond a few specific details regarding Sheriff's Deputies Janae Krull, Marcos Collins, and Billy Tennison, the district court did not address any individual defendant's personal conduct.

Because the district court did not individually evaluate each defendant's specific actions and omissions to determine whether that conduct violated clearly established rights, we remand this case to the district court for further proceedings. On remand, the district court shall, in the first instance, make an individualized determination of whether summary judgment based on qualified immunity may be proper as to each defendant.

Pursuant to General Order 4.5(e), each party shall bear its own costs.

**REMANDED**.

4