**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEAN C. RODRIGUEZ,

        Plaintiff-Appellant,

v.

SHELLY MATIS; FRED FOULK,
Warden; R. ST. ANDRE; JEFFREY A.
BEARD; MATTHEW CATE; MIKE D.
MCDONALD; D. PEDDICORD; W.
WILSON; KRAFT; J. FLAHERTY,

        Defendants-Appellees.

No.    20-16391

D.C. No.
2:14-cv-01049-MCE-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted May 11, 2023[**]

Before: FERNANDEZ, SILVERMAN, and NR SMITH, Circuit Judges

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dean Rodriguez, a California inmate, appeals from the district court's judgment, following a remand from this court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal and summary judgment de novo, *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022), and affirm.

The district court acted within its discretion on remand by reconsidering the previously, improperly dismissed claims. *See Allen v. Meyer*, 755 F.3d 866, 869 (9th Cir. 2014) (holding that the district judge has the discretion to either personally address the claims or construe the magistrate judge's prior order as a report and recommendation, allow objections, and then review de novo). The district court was not required to reconsider dispositive orders issued by the district judge prior to remand.

The district court did not abuse its discretion by denying leave to file a third amended complaint after Rodriguez failed to cure the deficiencies identified by the district court when it previously dismissed with leave to amend. The district court had "particularly broad" discretion to deny leave to amend in light of the previous amendment. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (internal quotation marks omitted).

Rodriguez has not established that he was prejudiced by the district court's handling of discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)

2

(requiring that the party make the "clearest showing" of "actual and substantial prejudice" from the denial of any specific discovery by the district court) (internal quotation marks omitted).

Summary judgment was proper for the retaliation claim because Rodriguez failed to offer evidence to establish that Matis's acts did not reasonably advance a legitimate correctional goal. *See Jones v. N. Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 132-33 (1977) (prisons have a legitimate penological interest in preserving order between inmates and prison officials in light of the "ever-present potential for violent confrontation and conflagration" and may make reasonable limitations to reduce confrontations); *Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (an action does not reasonably advance a legitimate correctional goal when it is arbitrary and capricious or "unnecessary to the maintenance and order in the institution.") (internal quotation marks omitted). Contrary to Rodriguez's assertion, his public argument with his supervising librarian in front of other inmates, which violated his signed job description, was very different from the written grievance in *Brodheim v. Cry*, 584 F.3d 1262, 1272-73 (9th Cir. 2009). Moreover, the fact that Rodriguez believed that he could give legal advice is not material in this case. Any right he has to provide advice to other inmates is limited by the same security considerations. *See Shaw v. Murphy*, 532 U.S. 223, 231-32

3

(2001) (holding that inmates do not have a First Amendment right to provide legal assistance to fellow inmates "beyond protection normally accorded to prisoner's speech").

The district court properly dismissed the lock down claims not specifically linked to any named defendant. *See Arnold v. Int'l Bus. Machs.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (section 1983 causation "can be established by showing that the defendant personally participated in a deprivation of the plaintiff's rights, or caused such a deprivation to occur"). The access to the courts claims failed to allege that library limitations caused an actual injury to a non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996) (holding that the limitation must cause an actual injury to a "nonfrivolous legal claim"); *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (holding that the facts of the underlying claim must be alleged "well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.") (internal quotation marks omitted).

Rodriguez has waived any challenge to his voluntary dismissal of his lock down claim against defendants Foulk and St. Andre and his claim alleging that Matis retaliated against him by limiting his library access. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues which are not specifically and distinctly argued and raised in party's opening brief are

4

waived"). We decline to consider issues raised for the first time in the reply brief and for the first time on appeal. *See Costanich v. Dep't of Social & Health Servs.*, 627 F.3d 1101, 1117 (9th Cir. 2010) (issues and claims not raised to the district court or in the opening brief have been waived). Nor do we consider evidence not before the district court when it ruled on the motion for summary judgment. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

Appellees' Joint Motion for Judicial Notice (Dkt. Entry No. 39) is GRANTED. Appellant's Motion for Judicial Notice (Docket Entry No. 67) is GRANTED only as to Appendix Exhibit D and DENIED for the remaining exhibits. Appellant's Motion to File an Oversized Reply Brief (Dkt. Entry No. 66) is GRANTED. Appellees' Motion to Strike (Dkt. Entry No. 69) is DENIED as moot.

**AFFIRMED.**